In the Matter of Nicholas J. Lomangino, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, January 10, 1983

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.* (*Leslie S. Evans* of counsel), for petitioner.

*John G. Bonomi* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to practice by this court on October 19, 1938. In this proceeding to discipline him for professional misconduct, the respondent was charged with having been found guilty of violating section 7203 of title 26 of the United States Code, in that he willfully and knowingly failed to supply information to the United States Internal Revenue Service as to the full amount of gross receipts for a small business corporation. On November 24, 1978, in the United States District Court for the Eastern District of New York, respondent was sentenced to a term of one year imprisonment, the execution of which was suspended, and respondent was placed on probation for

a term of three years. In addition, respondent was fined the sum of $10,000.

Respondent was also charged with failing to file a registration statement with the Office of Court Administration as required by former section 696.1 of the rules of this court (22 NYCRR 696.1).

While the referee found the charges were sustained by the proof he also stated: "I do feel it appropriate to bring to the Court's attention the considerable evidence of Respondent's apparently exemplary family, community and religious life and activities over a long career prior to his unfortunate misconduct resulting in this proceeding."

The petitioner has moved to confirm the report of the referee and the respondent has submitted an affidavit in support of petitioner's motion.

After reviewing all of the evidence, we are in full agreement with the report of the referee. The respondent is guilty of the afore-mentioned charges of misconduct. The petitioner's motion is granted.

In determining an appropriate measure of discipline to be imposed, we are mindful of respondent's co-operation throughout these proceedings, his previously unblemished record, as well as the penalty already imposed by the United States District Court. We are also mindful of the fact that in similar disciplinary cases this court has imposed the sanction of formal public censure when such mitigating circumstances existed (see *Matter of Elias*, 73 AD2d 173; *Matter of Avanzino*, 73 AD2d 340; *Matter of Jonas*, 70 AD2d 469; *Matter of Pagones*, 61 AD2d 424). Accordingly, the respondent should be, and he hereby is, censured for his misconduct.

GIBBONS, J. P., GULOTTA, O'CONNOR, WEINSTEIN and NIEHOFF, JJ., concur.